IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TOBILOBA OMOSOLA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ABA-25-2971 |
| ANDREW BATISTA, *et al.*, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

On September 8, 2025, self-represented plaintiff Tobiloba Omosola filed the above-captioned civil rights Complaint and later filed a Motion to Proceed in Forma Pauperis. ECF Nos. 1, 5. Plaintiff alleges that Judge Andrew Batista, a judge on the Circuit Court for Baltimore County, violated Plaintiff's constitutional rights during his state criminal proceedings. ECF No. 1. He captioned the Complaint as being filed against Judge Batista and Baltimore County State's Attorney David Lemansky, although he makes no allegations regarding Mr. Lemansky in the body of the Complaint. Plaintiff's Motion to Proceed in Forma Pauperis shall be granted, however, for reasons stated below, the Complaint will be dismissed.

42 U.S.C. § 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*,

443 U.S. 137, 144 n.3 (1979)); *see also Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

Judge Batista is a Maryland state judge whom Plaintiff is suing for decisions made in his capacity as a judge. The underlying cause of action in this case cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "grave procedural errors." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable . . . for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355-56 (quoting *Bradley v. Fisher*, 80 U.S. 335, 336 (1871)); *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). As such, Plaintiff's claims against Judge Batista cannot proceed.

As to Mr. Lemansky, other than naming him in the caption of the Complaint, Plaintiff has provided no factual allegations regarding Mr. Lemansky's conduct and therefore the Complaint is also subject to dismissal as to Mr. Lemansky because § 1983 requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.

1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). Because Plaintiff's claims concern his state criminal proceedings, he will not be provided an opportunity to amend his Complaint as to Mr. Lemansky because Mr. Lemansky is also entitled to immunity for actions taken during Plaintiff's criminal proceedings. Maryland State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).

This Court is mindful of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must . . . hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Because Plaintiff has failed to provide specific factual allegations as to Mr. Lemansky and because he and Judge Batista are immune from suit for conduct taken during Plaintiff's state criminal proceedings, the Complaint will be dismissed.[1]

Date:   October 23, 2025

_____/s/_____
Adam B. Abelson
United States District Judge

---

[1] Should Plaintiff believe his constitutional rights were violated during his state criminal proceedings, he may file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.